**E-Filed 10/14/2010**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

RICHARD GUTIERREZ,

        Petitioner,

    v.

A. J. MALFI, Warden,

        Respondent.

Case Number 5:06-CV-00307-JF

**ORDER[1] DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Docket No. 1

Petitioner Richard Gutierrez ("Gutierrez") seeks a writ of habeas corpus. He alleges that he was deprived of his Sixth Amendment right to effective assistance of counsel. For the reasons discussed below, the petition will be denied.

## I. BACKGROUND

On December 3, 2001, Gutierrez was indicted by a grand jury in Contra Costa County, California. He was charged in count one with second degree robbery by taking property by force or fear, in count two with second degree burglary by entering with the intent to commit larceny, in count three with second degree commercial burglary by entering with intent to commit larceny, and in count four with petty theft. Use of a deadly weapon (which carries a five-year sentencing enhancement), a prior "strike," and a prior prison term also were alleged. Gutierrez

---

[1]This disposition is not designated for publication in the official reports.

1  was offered a plea agreement pursuant to which he would plead guilty to second degree burglary,

2  with all other counts and enhancements being dismissed.  Gutierrez would have been sentenced

3  to three years in state prison with one-for-one eligibility for worktime credits.  Gutierrez's trial

4  counsel, Michael Kelly ("Kelly"), presented the proposed agreement to Gutierrez.  Kelly advised

5  Gutierrez that it was highly unlikely that Gutierrez would be found guilty of robbery, and that if

6  he were acquitted of robbery the five-year use enhancement could not be imposed.  Kelly also

7  told Gutierrez that if he were convicted of burglary (counts 2 and 3) and petty theft (count 4), his

8  likely sentence would be five to six years in state prison with worktime credits limited to twenty

9  percent.

10      Gutierrez told Kelly that he wanted to proceed to trial.  Contrary to what Kelly had told

11  Gutierrez, the five-year use enhancement applied not only to robbery but also to the other charges

12  in the indictment.  Gutierrez was found guilty on counts two and four, and the jury also found

13  that Gutierrez had used a deadly weapon in connection with both of these counts.  The trial court

14  imposed both the five-year enhancement and the strike enhancement, and Gutierrez was

15  sentenced to a total of nine years and eight months in state prison.

16      Gutierrez brought a motion for new trial, alleging ineffective assistance of counsel based

17  on Kelly's failure to advise him of the actual risks of going to trial.  Gutierrez claimed that if he

18  had known that he could receive the five-year enhancement even if he were acquitted of the

19  robbery, he would have accepted the plea offer.  He claimed that he rejected the offer because

20  Kelly told him that the longest prison sentence he could receive if he was acquitted of robbery

21  was six years.  The motion was heard and denied following an evidentiary hearing on May 17,

22  2002 and again following another evidentiary hearing on February 21, 2003.  The trial court

23  concluded that Kelly's advice was erroneous but that Gutierrez had not shown that he would

24  have accepted the plea offer if he had been advised properly.

25      On February 24, 2003, Gutierrez filed a timely notice of appeal.  The state appellate court

26  affirmed the trial court's judgment, concluding that Gutierrez had not demonstrated that there

27  was a reasonable probability that he would have accepted the plea offer had he been advised

28

2

properly.  The appellate court held that the trial court had applied the proper legal standard in determining whether there was prejudice arising from Kelly's ineffective assistance, even though it did not use the phrase "reasonable probability" in its order denying Gutierrez's motion for a new trial.[2]

On September 7, 2004, Gutierrez filed a timely petition for review in the California Supreme Court.  Gutierrez asserted that the appellate court had ignored the language used by the trial court and claimed that the evidence before the trial court was sufficient to show a reasonable likelihood that he would have accepted the offer had he been advised properly.  The petition was denied on October 20, 2004.

On January 18, 2006, Gutierrez filed the instant petition for writ of habeas corpus, asserting a violation of the Due Process Clause of the Fifth and Fourteenth Amendments and the Counsel Clause of the Sixth Amendment to the United States Constitution.  Respondent filed an answer, and Gutierrez thereafter filed a traverse.  The matter was taken under submission without oral argument.

## II.  LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may not grant a writ of habeas corpus unless the state court's adjudication was either: (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. § 2254 (d)(1-2) (2000).

The Supreme Court has held that there is a difference between "contrary to" clearly established law and an "unreasonable application" of that law under § 2254 (d)(1-2).  *Williams v. Taylor,* 529 U.S. 362, 404 (2000).  A decision is "contrary to" established federal law where the

---

[2]The trial court used the phrase "must prove by credible substantial evidence."  However, because the trial court used the phrase "reasonably likely" in the prior sentence, the appellate court determined that the trial court understood and correctly applied the legal standard even though it should have been more careful in its choice of words.  *Gutierrez*, 2004 WL 1658461, at *9-10.

1   state court's legal conclusion is contrary to that of the Supreme Court on a point of law, or when

2   the state court case is materially indistinguishable from a Supreme Court case, but the legal result

3   is opposite.  *Id.* at 404-05.  Conversely, an "unreasonable application" of established law applies

4   where the state court identifies the correct governing legal rule from Supreme Court cases, but

5   unreasonably applies it to the facts of the particular state case.  *Id.* at 406.  Furthermore, the

6   petitioner must do more than merely establish that the state court was wrong or erroneous.  *Id.* at

7   409-10.  He must prove that the state court's application of clearly established federal law was

8   objectively unreasonable.  *Id.* (stating "a federal habeas court . . . should ask whether the state

9   court's application of clearly established federal law was objectively unreasonable.  The federal

10  habeas court should not transform the inquiry into a subjective one.").

11      A state court's decision is based upon "an unreasonable determination of the facts in light

12  of the evidence presented" when the state court made a finding that was unsupported by

13  sufficient evidence, utilized a process that was defective, or made no finding at all.  *Taylor v.*

14  *Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).  This Court must presume correct any determination

15  of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness

16  by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

17                              **III.  DISCUSSION**

18      In applying these standards, this Court looks to the decision of the highest state court to

19  address the merits of Gutierrez's claims.  *LaJoie v. Thompson*, 217 F.3d 663, 669 n.7 (9th

20  Cir. 2000).  Accordingly, this Court will look to the decision of the California Court of Appeal

21  dated July 26, 2004.

22  **A. The State Court's Decision Was Not Contrary to and Did Not Involve an Unreasonable**
    **Application of Clearly Established Federal Law as Determined by the Supreme Court of**
23  **the United States**

24      A claim of ineffective assistance of counsel is cognizable as a claim of a denial of the

25  Sixth Amendment right to counsel, which guarantees not only assistance of counsel, but effective

26  assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  The benchmark for

27  judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper

28

4

1  functioning of the adversarial process that the trial cannot be relied upon as having produced a

2  just result.  *Id.*

3      Claims of ineffective assistance of counsel are reviewed pursuant to the two-prong test

4  established by the Supreme Court in *Strickland*.  First, the petitioner must show that his counsel's

5  performance was deficient.  This requires showing that defense counsel made errors so serious

6  that representation fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at

7  688.  The relevant inquiry is not what defense counsel could have done, but rather whether the

8  choices made by defense counsel were reasonable.  *Babbitt v. Calderon*, 151 F.3d 1170, 1173

9  (9th Cir. 1998).  "Review of counsel's performance is highly deferential and there is a strong

10 presumption that counsel's conduct fell within the wide range of reasonable representation."

11 *Henley v. Crist*, 67 F.3d 181, 185 (9th Cir. 1995) (citation omitted).  "Tactical decisions that are

12 not objectively unreasonable do not constitute ineffective assistance of counsel."  *Id.*

13     Second, the petitioner must show that the deficient performance prejudiced the defense so

14 as to deprive the petitioner of a fair trial.  *Strickland*, 466 U.S. at 687-88.  Merely showing that

15 the defense was impaired is insufficient.  *Id.* at 693.  The petitioner must show that "there is a

16 reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

17 would have been different."  *Id*. at 694.  A "reasonable probability" is defined as "a probability

18 sufficient to undermine confidence in the outcome."  *Id.*  A court does not need to address both

19 components of the *Strickland* standard if there is an inadequate showing on either factor.  *Id.* at

20 697.

21     The state trial court found that Kelly's advice with respect to the consequences of going

22 to trial constituted ineffective assistance but that Gutierrez had failed to establish prejudice.  The

23 state appellate court affirmed.  Gutierrez contends that the appellate court incorrectly applied the

24 second prong of *Strickland*.

25     This Court concludes that the state appellate court correctly applied the *Strickland*

26 standard.  The court began by observing that "[t]o establish prejudice resulting from a rejected

27 plea, the defendant must prove there is a reasonable probability that, but for counsel's deficient

28

5

performance, the defendant would have accepted the proffered plea bargain and the plea would have been approved by the trial court."[3]  *People v. Gutierrez*, No. A101772, 2004 WL 1658461, at *7-8 (Cal. Ct. App. July 26, 2004).  The court then applied this standard guided by the principles established in *Alvernaz v. Ratelle*.  *Id.* at *8.  Under *Alvernaz*, a defendant's statement in hindsight following an adverse result at trial that he would have accepted a plea offer must be closely scrutinized and corroborated by objective evidence.  *Id.* (citing *In re Alvernaz*, 2 Cal. 4th 924, 938 (1992) (granting the habeas petition where an attorney misadvised a client that he risked only four years imprisonment by going to trial when in fact he risked a life sentence)).  The appellate court also considered several other factors set forth in *Alvernaz*, including "whether counsel actually and accurately communicated the offer to the defendant; the advice, if any, given by counsel; the disparity between the terms of the proposed plea bargain and the probable consequences of proceeding to trial, as viewed at the time of the offer; and whether the defendant indicated he or she was amenable to negotiating a plea offer."  *Id.* (citing *Alvernaz*, 2 Cal. 4th at 954).  The appellate court also noted that a defendant's stance at trial, such as a claim of complete innocence, is relevant in determining prejudice.  *Id.* (citing *Alvernaz*, 2 Cal. 4th at 940).

The state appellate court held that the record supported the "trial court's conclusion that Gutierrez failed to establish a reasonable probability he would have accepted the plea offer." *Gutierrez*, 2004 WL 1658461, at 8.  The court concluded that the record demonstrated that Kelly accurately had conveyed the terms of the plea offer and encouraged Gutierrez to accept it, but that Gutierrez "held a strong desire to go to trial for reasons unrelated to sentencing."  *Id.* at *8. (noting that Gutierrez wanted to prove his innocence even if he faced a ten or twelve-year sentence).  The court observed that "defendant's adamant insistence on his innocence weigh[ed] against a finding that he would have accepted a proffered plea."  *Id.* at *9 (citing *Alvernaz*, 2 Cal. 4th at 940, 946).  The court also highlighted Gutierrez's strong desire to expose key prosecution witness Miguel Hinojosa ("Hinojosa") as a liar.  *Id.*  Finally, the appellate court noted that the

---

[3]Gutierrez contends that this Court does not need to address whether the plea would have been accepted by the trial court because the trial court indicated expressly that it would have been approved.  *See* Pet'r's Mem. P.& A. (Dkt. No. 2) 19.

6

1    disparity between the three-year plea offer and the actual sentence imposed was not

2    overwhelming in light of the maximum sentence of more than eight years that Gutierrez knew

3    was possible even without the use enhancement. *Id.* The appellate court also pointed out that the

4    trial court had advised Gutierrez to consider the plea in light of an enhancement that was added

5    to the complaint on the first day of jury selection, which increased the potential maximum

6    sentence to more than eighteen years. *Id.* Accordingly, Gutierrez has failed to establish that the

7    decision was either "contrary to" or an "unreasonable application" of *Strickland*.

8
      **B. The State Court's Decision Was Not Based on an Unreasonable Determination of the**
9    **Facts in Light of the Evidence Presented**

10        As discussed above, the state appellate court concluded that Gutierrez failed to prove that

11    there was a "reasonable probability" that but for Kelly's deficient performance he would have

12    accepted the proffered plea bargain. *Gutierrez*, 2004 WL 1658461, at 8. This decision was

13    supported by the testimony of both Gutierrez and Kelly at the evidentiary hearing; evidence that

14    Gutierrez possessed a strong desire to go to trial in part because he wanted to expose Hinojosa as

15    a liar; evidence that Gutierrez was aware of the potential sentence he faced; and evidence that the

16    disparity between the maximum sentence possible without the enhancement and the actual

17    sentence Gutierrez received was relatively small. *Gutierrez*, 2004 WL 1658461, at *4-10. Based

18    upon this record, the state court's determination of the facts was not unreasonable.

19        Gutierrez suggests alternative interpretations of the evidence in the record. For example,

20    he argues that his claims of innocence were a mere exercise of his Fifth Amendment rights and

21    would not have dissuaded him from accepting the plea offer; that the disparity between the plea

22    offer and the probable consequences of going to trial should be given more weight than a claim

23    of innocence; and that he was more likely to accept a plea than the average defendant because he

24    had a previous criminal record. *See* Pet'r's Mem. P.& A. (Dkt. No. 2) 19-26. This Court must

25    presume that the state court's factual determinations were correct unless that presumption is

26    rebutted by clear and convincing evidence. Gutierrez has failed to meet this standard.

27        In light of the foregoing, this Court concludes that the state court's denial of Gutierrez's

28

1   claim was not contrary to, or an unreasonable application of, *Strickland* and its progeny, and was

2   not based on an unreasonable determination of the facts in light of the evidence presented.

3

4                                        **IV. ORDER**

5          The petition for writ of habeas corpus is DENIED.

6

7

8   DATED: 10/14/10

9                                        JEREMY FOGEL
                                         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case Number 5:06-CV-00307-JF
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(JFEX2)